### ROBERT B. BRIGHAM *vs.* FRANCES G. BRIGHAM.

Suffolk.    March 14, 1888. — May 10, 1888.

Present : MORTON, C. J., DEVENS, W. ALLEN, C. ALLEN, & HOLMES, JJ.

*Divorce — Alimony — Presumption of filing Exceptions — Decree — Execution.*

Alimony may be allowed to a wife after a decree *nisi* for a divorce has been rendered against her.

Exceptions will lie, under the Pub. Sts. c. 146, § 34, and c. 153, § 8, from a decree for the payment of such alimony.

If such exceptions are filed within eight days from the date of such decree, and are allowed by the presiding justice, it will be presumed that the time of filing was duly extended, under the Pub. Sts. c. 153, § 8.

If no decree is made allowing such alimony, an execution cannot be issued for its payment.

PETITION, filed on July 14, 1886, by the libellee in a divorce case, alleging that, while the libel, which was filed September 2, 1884, and a cross libel, filed by her in April, 1885, were pending, an agreement was filed in both cases, on July 10, 1885, by counsel, which provided for "alimony during the pendency of the libels, at the rate of forty dollars per week, from and after April 16, 1885, to be paid once in four weeks" by the libellant to the libellee ; that the sum stipulated in the agreement was paid to her as provided until May 22, 1886, when her libel was dismissed, and a divorce *nisi* was granted to the libellant; that nothing had been paid to her since that date, though duly demanded by her; that the libellant had informed her that he would not pay any further sums in accordance with the agreement; and praying that an execution might issue against the libellant for the sums then due under the agreement, and for interest thereon. The only entry in the docket record in either case as to alimony, prior to the filing of the petition, was as follows : "April term, 1885, July 10, agreement as to alimony *pendente lite* filed."

Hearing before *W. Allen,* J., who, on August 6, 1886, ordered a decree that execution be issued for the payment of the alimony as prayed for. On August 13, 1886, the libellant filed a bill of exceptions, (which the judge "allowed if exceptions lie in the case,") and also appealed to the full court.

*B. F. Butler,* (*F. L. Washburn* with him,) for the respondent.

*E. W. Burdett,* for the petitioner.

MORTON, C. J.   The justice who heard this case entered a decree that execution be issued for the payment of the alimony, in accordance with the prayer of the petition.   The libellant both excepted and appealed.   We see no reason to doubt that exceptions lie in such a case.   Pub. Sts. c. 146, § 34; c. 153, § 8. *Sparhawk* v. *Sparhawk,* 120 Mass. 390.   As these exceptions were filed within eight days after the ruling excepted to, and as the presiding justice allowed them, it is to be presumed that the time of filing was extended under the Pub. Sts. c. 153, § 8.

The question of the validity of the decree is properly before us.   It is clear that the decree in this case was entered under a misapprehension on the part of the presiding justice.   It was based upon the supposition that the record showed that there had been a decree allowing the libellee alimony.   There being cross libels, an agreement had been made that the husband should pay the wife "alimony during the pendency of the libels, at the rate of forty dollars per week."   But upon examination of the record it is found that no decree of the court was passed allowing alimony.   The court has not the power to order an execution to issue unless there is a judgment or decree of the court upon which it is founded.   It follows that the decree ordering an execution to issue was erroneous.

There is no doubt of the power of the court to allow alimony in favor of the wife, after a decree *nisi* has been rendered against her.   Pub. Sts. c. 146, §§ 15, 36.   *Graves* v. *Graves,* 108 Mass. 314.

The case may stand for a further hearing before a single justice, upon such amendment of her petition as the petitioner may be advised to make.                    *Decree reversed.*