CHARLES H. GOFF *vs.* LILLIA A. HATHAWAY & another.

Hampden.    January 7, 1902. — February 27, 1902.

Present: HOLMES, C. J., LATHROP, BARKER, HAMMOND, & LORING, JJ.

*Res Judicata.    Equity Pleading and Practice,* Taking bill for confessed.

Taking a bill for confessed as against one defendant does not bind another defendant who has an interest in the matter ; and a decree prematurely entered against the first defendant does not prevent a later inconsistent decree in favor of the second defendant, even if the second decree does not revoke the first by implication.

BILL IN EQUITY to redeem from a mortgage, filed March 30, 1894.

The case came up on an appeal of the defendant Hathaway from the decree of the Superior Court described by the court.

*D. E. Webster,* for the defendant Hathaway.

*A. M. Copeland,* for the plaintiff.

HOLMES, C. J.    This was a bill to redeem.    At the hearing before a master the defendant proved a conveyance by the plaintiff to one Elwell, and the master reported against the plaintiff's right to redeem.    Thereupon the plaintiff amended his bill by making Elwell a party, alleging that the conveyance to him was in trust for the plaintiff, and praying that Elwell be decreed to reconvey.    The bill was taken as confessed against Elwell, and a decree for a reconveyance was made " in the presence of counsel for plaintiff."    The case then was recommitted to the master, who reported, subject to the plaintiff's exception, that the conveyance to Elwell was not in trust, and thereupon the

bill was dismissed.   The only question before us is whether the defendant Hathaway was concluded by the decree against Elwell.

Assuming for the moment that the case stands as if a simple order taking the bill for confessed had been entered under the eighth equity rule,· the defendant would· have lost no rights. Taking a bill for confessed as against one defendant does not bind other defendants who have an interest in the matter. *Blanchard* v. *Cooke*, 144 Mass. 207, 219.   *Johnson* v. *Longmire*, 39 Ala. 143.   *Holloway* v. *Moore*, 4 Sm. & M. 594.   *Fulton* v. *Woodman*, 54 Miss. 158.   *Petty* v. *Hannum*, 2 Humph. 102.   It is for this reason that the order is made as of course.

It is true that this rule has been trenched upon, at least in the way of intimation, in one or two cases where the immediate and so to speak material interest was confined to the defaulting defendant alone, although the same fact was essential to the plaintiff's case against the others.   In a suit upon a contract to convey land brought· against the contractor and his assignee with notice, the bill having been taken for confessed against the contractor, it was said, although hardly decided, that this established against the other defendant that the contractor had received consideration.   *Fraily* v. *Langford*, 1 A. K. Marsh. 362, 363.   So as to the consideration paid by the assignee of an obligation to his assignor, in a suit upon the obligation.   *Koen* v. *White*, Meigs, 358, 362.   On the other hand, in a suit to charge the estate of a married woman, the bill was dismissed upon the trustee's denial although taken for confessed against her.   *Cherry* v. *Clements*, 10 Humph. 552.   And this is the general rule where the defendants have a joint interest either by way of contract, tort, or otherwise.   *Clason* v. *Morris*, 10 Johns. 524, 538, 547.   *Frow* v. *De la Vega*, 15 Wall. 552.

In the present case the defendant Hathaway has an interest to deny the trust in favor of the plaintiff.   She is not in the position of a person who admits that somebody has a right to redeem, and who is indifferent as to the person.   On the contrary, whether she admits that any one has such a right does not appear, and it does appear that she expressly denies that the plaintiff has it.   Whether any one else can succeed against her or not is immaterial, she is entitled to turn the plaintiff out of

court if she can.  She can, if she prevails in her denial of the plaintiff's allegation, as the master reports that she does upon the proofs.  Therefore, so far as we have gone with the argument, the bill ought to be dismissed.

The only perplexity in the case is caused by the interjection of the extraordinary prayer for a reconveyance from Elwell, and by the decree granting that relief against him.  Entering the decree at that stage of the case was irregular and wrong.  *Frow* v. *De la Vega*, 15 Wall. 552.  If the case had been tried and it had appeared, as afterwards it did appear, that there was no trust in favor of the plaintiff, probably the bill would have been dismissed as against Elwell also.  *Frow* v. *De la Vega*, 15 Wall. 552.  *Clason* v. *Morris*, 10 Johns. 524.  *Cherry* v. *Clements*, 10 Humph. 552, 555.  *Hennessee* v. *Ford*, 8 Humph. 499.  Compare *Lingan* v. *Henderson*, 1 Bland, 236, 266; *Phillips* v. *Hollister*, 2 Coldw. 269, 272.

The result of the course adopted is that the record discloses decrees proceeding upon contradictory premises, and it may be asked how under such circumstances the second can be entered while the first stands.  No appeal from the first decree was taken, as had been done in *Frow* v. *De la Vega*, before the second was entered.  The objection in this form is purely technical, and if the exception was sustained on this ground the only effect would be that the Superior Court would revoke the first decree as a preliminary to again dismissing the bill.  For it should be remembered that the affirmative relief granted against Elwell adds nothing to the order taking the bill for confessed, in the way of conclusiveness as to the facts upon which it goes.  If the order did not estop the other defendant, the decree did not.  See *Blanchard* v. *Cooke*, 144 Mass. 207, 219.  It is apparent also on the face of the decree that it was made *ex parte*.  The only difficulty is the inconsistency of the second decree.  As to this it might perhaps be said, if necessary, that the second decree was to be taken to revoke the first by implication, so far as necessary.  *Blanchard* v. *Cooke*, 144 Mass. 207, 219.  Compare *Brigham* v. *Brigham*, 147 Mass. 159.  But it is enough to say that we know nothing to hinder a court from entering inconsistent decrees so far as they concern only different parties, other than its own sense of logic.  The inconsistency of the first does

not diminish its power to enter the last. See *Frow* v. *De la Vega*, 15 Wall. 552.

As the defendant Elwell had executed the deed to the plaintiff before the decree was entered, some embarrassments that might have been presented happily are removed.

*Decree affirmed.*