# Philadelphia *v.* Hyde, Appellant.

*Municipal liens—Costs of abating nuisance—Improper items—Sewers.*

1. Where a city files a municipal lien for a specific sum, being the costs of abating a nuisance, and improperly includes two other items, each for a specific amount for which it had no right of lien, the court may strike off the two improper items without affecting the validity of the lien for the cost of abating the nuisance.

2. Where a city does not accept the dedication of a street because the street had but a single outlet, but, nevertheless, constructs thereafter a sewer in the street without assessing the abutting properties, the owner of one of such properties cannot complain if he commits a nuisance by discharging offensive waters from his premises onto the surface of the street, and the city to abate the nuisance makes a connection between his house and the sewer and files a lien against his property for the cost thereof.

Argued Oct. 4, 1911. Appeal, No. 90, Oct. T., 1910, by George W. Hyde, Jr., from judgment of C. P. No. 2, Phila. Co., March T., 1904, No. 3,170, M. L. D., on verdict for plaintiff in case of Philadelphia *v.* George W. Hyde, Jr. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Scire facias sur municipal lien. Before SULZBERGER, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $122.85. Defendant appealed.

*Errors assigned* were (1, 2) in refusing to strike off the lien; (4) in refusing binding instructions for defendant; (5) in overruling judgment for defendant n. o. v.

*Horace M. Rumsey,* with him *Walter Thomas Fahy,* for appellant.—While the board of health could abate the nuisance or compel it to be abated, it could not require

an unlawful act to be performed in abating or removing said nuisance. It could not, so to speak, act ultra vires: Philadelphia v. Bell, 147 Pa. 243; Philadelphia v. Baird, 1 W. N. C. 126; Chester v. Thurlow Land Co., 13 Pa. Dist. Rep. 285; Wistar v. Philadelphia, 71 Pa. 44; Seele v. Deering, 79 Maine, 343 (10 Atl. Repr. 45).

A municipal claim cannot be sustained which includes a joint claim for sewer charges, and for abating a nuisance by underdraining the property to the sewer: Whetham v. R. R. Co., 8 Phila. 92; Bovaird v. Seyfang, 200 Pa. 261.

*Allen C. Thomas*, assistant city solicitor, with him *J. Howard Gendell*, city solicitor, for appellee.—The authority of the board of health to declare as well as to remove and abate nuisances is judicially settled: Kennedy v. Board of Health, 2 Pa. 366; Philadelphia v. Trust Co., 132 Pa. 224; Philadelphia v. Steward, 31 Pa. Superior Ct. 72.

The direction of the trial judge was founded upon previous decisions: Philadelphia v. Stewart, 16 W. N. C. 99; Philadelphia v. Trust Co., 132 Pa. 224.

The claim filed is strictly one for the removal and abatement of a nuisance; it does not embrace two kinds of liens: Fifth Avenue Sewer, 4 Brewster, 364; Commissioners of Spring Garden v. Smith, 15 S. & R. 159; Joseph v. Richardson, 2 Pa. Superior Ct. 208.

OPINION BY HEAD, J., November 13, 1911:

The defendants are the owners of a lot of ground in the city of Philadelphia fronting on Budd street, upon which lot is erected a dwelling house. So far as this record shows this street was laid out by Francis Stokes as part of a plan of lots as early at least as 1872. Lots were sold on both sides of it. The street is fifty feet in width, but has only a single outlet and is consequently what is known as a dead-end street. By reason of this fact the city was unable to formally accept the deed of dedication for the bed of the street tendered to it by Stokes in 1872.

As early as 1903 the city, at its own expense, con-

structed a sewer in Budd street. In the ordinance authorizing it, it was provided, inter alia, "that no assessment shall be charged for the sewer authorized in Budd street but no permit shall be issued for the drainage of property into said sewer until the regular frontage charges shall have been paid."

The board of health of the city of Philadelphia, in the discharge of its public duties, determined that a nuisance existed at the premises of the defendants by reason of the discharge on the surface of the street of water from the rain spouts, bath tub, kitchen sink, etc., in the dwelling aforesaid. The defendants having failed, after notice, to abate the said nuisance, the board proceeded to do it by connecting up the pipes discharging the water with the underground sewer in the bed of the street. The city then filed a lien for the costs thereof, to wit, the sum of $90.00. It further inserted in the lien, and thus sought to collect from the defendants two additional sums of money, to wit, $30.00 for sewer frontage and $6.00, the price of a permit. These two last mentioned items are respectively the charges the defendants would have been obliged to pay had they voluntarily applied for a permit to connect with the sewer. On the trial of the scire facias the court struck out the two items last mentioned, submitted to the jury the question whether or not a nuisance had existed, and in case they so found, instructed them that the city might maintain the lien to the extent of the cost of abating that nuisance. A verdict and judgment for the city for the sum of $90.00 followed and the defendants appeal.

That a nuisance did exist at the premises of the defendants by reason of the discharge of water upon the street is not now a contested question. The board of health so determined. The jury by its verdict has affirmed the correctness of that determination and the appellants in their printed brief say, "We will accept the view that a nuisance existed and that the board of health was the final arbiter as to that view."

Long before the passage of the Act of June 4, 1901, P. L. 364, there existed in the city of Philadelphia the right to abate nuisances and to file liens against the owners of property where such nuisances were maintained to recover the costs of such abatement. The act last referred to repealed this earlier legislation but in sec. 4 again expressly authorized the filing of a lien to recover the costs and expenses of abating a nuisance.

The appellants contend in the first place that the lien should have been stricken off on their motion because it contained two items for which the city had no lawful right to file a lien, to wit, the item of $30.00, sewer frontage, and the one for $6.00 for a permit which the property owners had neither applied for nor received. We have not before us a case where a lien is filed for a gross sum made up of a number of items, some of which would lawfully be the subject of a lien while others would not, and where the jury or trial tribunal would have to ascertain the various amounts in each class. On the contrary we have a lien filed first of all for a specific sum of $90.00, the costs of abating a nuisance. To this extent it is conceded the city was within its rights in filing the lien. Because it undertook to add two other items, each for a specific amount, for which it had no right of lien, it does not seem to follow that the entire lien should be stricken off. When the learned trial court struck out the two items which were unwarrantably added to the lien and left it stand as it should have been originally filed, we are unable to perceive how any injury was done to the defendants of which they could complain or that such action constituted a violation of any established rule of law or pleading. This branch of the defense therefore failed.

The defendants further contend that because the city did not accept the formal deed tendered to it by Stokes and because Budd street therefore did not become in all respects a regular city street, the act of the city in constructing the sewer was a trespass as against Stokes; that any attempt on their part to have connected their house

system with that sewer would have been a like trespass; and that the city cannot lawfully charge them with the cost of doing what it would have been unlawful for them to do voluntarily. We are not able to entertain this view. Francis Stokes, by his conveyances to the lot owners, had dedicated for all time the strip of ground known as Budd street for an open way appurtenant to the lots he sold. Regardless of any action by the city, the lot owners were invested with the right to subject that strip of ground to every proper use of a street or way, such use varying according to conditions. When the city, in the exercise of its police power, constructed a sewer in that street to enable those who resided upon it to conform to necessary sanitary regulations, it is not apparent to us how such act could be regarded as a substantial invasion of any right that remained in Francis Stokes, and indeed his acquiescence in it would fairly indicate that he cannot perceive any injury of which he could justly complain. The construction of the sewer cost the defendants nothing. They were at liberty to use it as a safe way to vent their house drainage if they chose to apply for a permit and pay the sum provided in the ordinance. If they did not choose to do this they were not compelled to, but this option could not be any justification for the maintenance by them of a nuisance on the street which might become a menace to the health and reasonable comfort of those residing in that section. The city has effectually abated that nuisance, and as we view the case there exists no legal obstacle to the collection by the city of the moneys it was compelled to expend in the removal of the nuisance. The assignments of error are all overruled.

Judgment affirmed.