382 P.2d 655

**Floyd M. EINERSON and Elva Einerson, his wife, Plaintiffs and Appellants,**

v.

**CENTRAL LUMBER & HARDWARE COMPANY, a corporation, Defendant and Respondent.**

No. 9808.

Supreme Court of Utah.

June 19, 1963.

CROCKETT, Justice.

Plaintiff Einerson sues defendant Central Lumber & Hardware Company to recover penalties prescribed by statute (Sec. 38-1-24, U.C.A.1953) for failure to release its materialman's lien upon plaintiff's home after the debt was paid.

The statute referred to provides:

"The claimant of any lien filed as provided herein, on the payment of the amount thereof together with the costs incurred and the fees for cancellation, shall at the request of any person in-

terested in the property charged therewith cause said lien to be cancelled of record within ten days from the request, and upon failure to so cancel his lien within the time aforesaid shall forfeit and pay to the person making the request the sum of *$20 per day until the same shall be cancelled,* to be recovered in the same manner as other debts." (Emphasis added.)

In the Fall of 1960 the plaintiff engaged one L. J. Schaelling to do some remodeling work on his home; Schaelling purchased materials for this work from the defendant for which he gave a bad check. On February 6, 1961, as permitted by statute (38–1–3 ct seq., U.C.A.1953) the defendant filed a lien against plaintiff's property. On July 21, 1961, Mr. Schaelling paid the bill for the materials. But the defendant, Central Lumber, did not release the lien until after this action was commenced.

The problem of concern on this appeal relates to plaintiff's insistence on his right to a penalty of $20 per day from the time the debt was paid until the lien was released. We are in agreement with the view adopted by the trial court that as a condition precedent to his entitlement to the penalty he was obliged to meet the demands of the statute with particularity. The evidence not only supports the finding made that neither Mr. Schaelling, nor the plaintiff, paid or tendered the "cost incurred and the fees for cancellation * * *" of the lien, as the statute requires, but it appears

without dispute that this is the fact. Accordingly, the court properly concluded that the penalty could not be exacted.

Affirmed. Costs on appeal to defendant (respondent).

HENRIOD, C. J., and CALLISTER, McDONOUGH, and WADE, JJ., concur.