Argued February 1, affirmed February 16, 1966

# MERCER STEEL CO. *v.* PARK CONSTRUCTION COMPANY ET AL,

# SECURITY BANK OF OREGON, MONTAVILLA LUMBER CO.

411 P. 2d 262

*Robert J. Johnston,* Portland, argued the cause and submitted a brief for appellant.

*Roscoe C. Nelson,* Portland, argued the cause for respondent. With him on the brief was Leo Levenson, Portland.

Before McALLISTER, Chief Justice, and PERRY, SLOAN, GOODWIN and SCHWAB, Justices.

SCHWAB, J. (Pro Tempore).

This is an appeal from a decree foreclosing a materialman's lien. In July of 1962 the Park Construction Company commenced construction of a single family residence, obtaining lumber and other materials from Montavilla Lumber Co., defendant-respondent. On September 20, 1962, Park Construction Company mortgaged the premises, the mortgage being concurrently sold and assigned to Security Bank of Oregon, defendant-appellant. Montavilla filed its lien on February 6, 1963. The lien was for $2,687.12 but prior to commencement of trial Montavilla moved to reduce its claim to $2,582.65. The trial court entered a decree granting foreclosure of Montavilla's lien and declaring it prior to the lien of the appealing mortgagee, Security Bank.

Security Bank contends that the lien was not valid because (1) it was not filed within the period authorized by statute, and (2) Montavilla was culpably negligent in overstating the amount of its lien.

ORS 87.010 authorizes the filing of liens by "(1) Any * * * lumber merchant * * * furnishing any material to be used in the construction of any improvement * * *." ORS 87.035 provides that a materialman's lien must be filed within 45 days after the *completion* of the construction. ORS 87.045, enacted in 1947, in effect codified existing case law by providing that the word "completion" as used in ORS 87.035 shall be deemed to include construction "substantially completed."

Certain work was done on the premises on December 20, 1962, and again on December 28, 1962. If the construction was substantially completed as a result of work on December 20th, the lien fails because more than 45 days elapsed between December 21st and February 5th. If the construction was not substantially completed until the accomplishment of the work not done prior to December 28, 1962, the filing was timely.

■ The general and frequently stated rule is that unreasonable delay in the performance of trifling matters which could and should have been done at an earlier time will not postpone the date from which the time allowed by statute begins to run.[1] The difficulty lies not in the statement of the rule but in its application to a given set of facts.

In the case at bar the electrical contractor rendered

---

[1] Coffey v. Smith, 52 Or 538, 97 P 1079; Fox & Co. v. Roman Catholic Bishop, 107 Or 557, 215 P 178; Eastern & Western L. Co. v. Williams et al, 129 Or 1, 276 P 257; Shea v. Graves, 142 Or 503, 19 P2d 406; Christenson v. Behrens et ux, 231 Or 458, 372 P2d 494.

a final bill on October 29, 1962. However, on December 28, 1962, at the direction of the general contractor, the electricians returned and wired the stove, the oven, the dishwasher, and the water heater. At the same time the electricians permanently wired the furnace which had previously been made operable only by use of an extension cord. The wiring was more than a matter of simply "plugging" in the appliances—it required the installation of special wire and heavy galvanized tubing. One of the electricians testified that "quite a list of material" was utilized in the work performed that day. In addition, the electricians on the same day installed a floor outlet plug, a weatherproof plug, replaced a defective ground clamp, and covered one or more junction boxes. As of December 28th the drain field ditches and the septic tank had not been back filled.

Closely analogous is *Christenson v. Behrens et ux,* 231 Or 458, 372 P2d 494, in which we held that while merely placing covers on electrical panels was trivial, the installation of two exhaust fans and grilles in a toilet room was not.

■ The trial judge properly held that the construction not having been substantially completed as of December 28, 1962, the lien was filed within the statutory period.

■ With regard to appellant's second assignment of error, we find from the record that the president of Montavilla Lumber Co. testified that at the time he prepared the lien he took the figures from ledger sheets. Just prior to the court proceedings he checked the actual invoices and found that the amount actually due was approximately $100 less than the amount stated in the lien. Accordingly, Montavilla's counsel

voluntarily advised the court of this inadvertent error prior to the taking of any testimony. This court has on numerous occasions held that a mere mistake in statement will not necessarily render the whole lien void when it is evident that no fraud was intended and no prejudice resulted to the defendant. See discussion and cases cited in *Drake Lumber Co. v. Paget Mortgage Co.,* 203 Or 66, 80, 274 P2d 804.

Affirmed.