Argued July 22, affirmed September 10, 1970

STATE ex rel NILSEN, *Respondent, v.*
HOFF et ux, *Appellants.*
474 P2d 11

*Allen L. Fallgren*, Portland, argued the cause for appellants. With him on the brief was Robert L. McKee, Portland.

*Al J. Laue*, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and BRANCHFIELD, Judges.

## SCHWAB, C. J.

This is an appeal by a property owner from a decree foreclosing five separate labor liens for unpaid wages. None of the four assignments of error have merit.

■■ The first assignment of error is that proper notice of intent to foreclose was not given. The relevant statute is ORS 87.020 (3), which provides: "Every plaintiff * * * in a suit to foreclose a lien * * * shall plead and prove that a notice in writing * * * was mailed or delivered to the owner * * *." The proof was that timely notices were sent by certified mail to the defendant at his home address, the place where according to his own testimony he ordinarily received his mail. These notices were returned marked "Unclaimed." To defeat the liens by simply refusing to claim certified mail would import a requirement of actual notice to ORS 87.020 (3). This the statute does not require.

■■ The second assignment of error is that the court erred in refusing to dismiss liens filed by claimants Kernspeck and Bennett for overstatement. The Kernspeck lien showed on its face a credit of $160.96, which was not carried forward to reduce the balance due. The testimony justified the court's finding that this was nothing but a scrivener's error. A mistake in statement will not render a lien void when it is evident that no fraud was intended and no prejudice resulted to the defendant. *Robison v. Thatcher*, 252 Or 603, 451 P2d 863 (1969); *Mercer Steel v. Park Construction Co.*, 242 Or 596, 600, 411 P2d 262 (1966). The defendant claims that Bennett's lien was invalid because it did not give the defendant credit for a check in the amount of $160 which was received by Bennett. The uncontroverted testimony was that the check was dishonored.

■■ The third assignment of error deals with the lien claim of a workman named Schuman. Schuman claimed 102 hours of labor on the job in question during a two-week period when he was also working on

another job. Schuman's testimony was that he had devoted 102 hours to the defendant's project and had managed to work on other jobs during the same period by working evenings. There is nothing in the record to indicate that Schuman's testimony was not accurate.

■■ The fourth assignment of error is to the effect that two of the liens, those of laborers Galle and Hearty, were not filed within the time required by ORS 87.035, and therefore should have been dismissed. ORS 87.035 provides in part that a laborer must file his lien within 45 days after the completion of the construction, or after he has ceased to labor thereon from any cause. This language has been construed to mean that laborers may file a lien against a structure at any time within 45 days after they cease to work or within 45 days after the completion of the entire work. *Wills v. Zanello*, 59 Or 291, 293, 117 P 291 (1911); *Heacock Co. v. Weatherford et al*, 135 Or 153, 156, 294 P 344 (1930). The defendant Hoff testified that the building was not completed at the time Galle and Hearty ceased to labor on it. The liens were filed on September 12, which by the defendant's own testimony was a week before the building was completed.

Affirmed.