**K & P PLUMBING AND HEATING, INC., a Utah Corporation, Plaintiff and Respondent,**

v.

**Eldon W. WINTERTON and Jean G. Winterton, his wife, Defendants and Appellants.**

**No. 13942.**

Supreme Court of Utah.

Dec. 4, 1975.

---

George E. Mangan, of Mangan, Draney & Mitton, Roosevelt, for defendants and appellants.

Gary D. Scott, Provo, for plaintiff and respondent.

CROCKETT, Justice:

Plaintiff, K & P Plumbing And Heating, Inc., sued for a balance due for materials and labor in building defendants' home at Roosevelt. It alleged that the general contractor, Al Gorham, had not paid and that the plaintiff had failed to furnish the required bond.[1] Defendants asserted as a defense, inferior quality of materials and workmanship for which they sought an offset of $1,200; and also counterclaimed for damages on the ground that plaintiff had wrongfully filed a lien on their property. Upon a trial to the court, it made findings and entered judgment in favor of the plaintiff for $1,000 for the labor and material furnished, but conditioned the judgment "that no execution may be had on said judgment and interest shall not accrue thereon until such time as the deficiencies . . . as noted on Exhibit 5 by the State Plumbing Inspector on November 1, 1974, have been remedied . . ." and likewise found against the defendants on their counterclaim on the ground that they had not been damaged by the filing of the lien.

Defendants appeal, stating that they "do not appeal from the decision in favor of the plaintiff on plaintiff's complaint, but appeal from the court's failure to grant relief on their counterclaim." They rely on these averments of fact:

That the work on the home had been completed by the end of September, 1973; and that the plaintiff subcontractor did not file its claim of lien until January 2, 1974, and thus beyond the time allowed by statute.[2] On February 8, 1974, defendants demanded that the plaintiff remove the lien. Plaintiff decided to comply with that request and filed a Notice of Lien Release on March 21, 1974. Defendants urge that

---

1. Sections 14–2–1 and 2, U.C.A.1953.

2. Section 38–1–7 allows subcontractor 60 days after last material or labor is furnished to file lien.

because the plaintiff did not release the lien within ten days after the demand, they are entitled to damages of $20 per day for 21 days by reason of Section 38–1–24, U.C.A.1953:

> Cancellation of record—Penalty.—The claimant of any lien filed as provided herein, on the payment of the amount thereof together with the costs incurred and the fees for cancellation, shall . .

> cause said lien to be canceled of record within ten days . . ., and upon failure to so cancel his lien . . . shall forfeit and pay to the person making the request the sum of $20 per day until the same shall be canceled, . . ..

 This is a penalty statute; and therefore one who seeks to invoke it must show with particularity that he comes within its specific terms.[3] It is plain to be seen that it expressly covers situations where a lien has been filed against a property owner and where the latter has paid the amount claimed, together with costs, and after receiving his payment, the lien claimant refuses to comply with a request to release the lien. It is obvious that that is not the situation we are concerned with here. Accordingly, the trial court was justified in rejecting the defendants' claim for the penalty provided by that statute.[4]

 There are other considerations which support our view that we should not reverse the trial court's ruling: Inasmuch as there is no transcript of the evidence brought here, we assume the factual determinations by the trial court are correct. Nevertheless, accepting the defendants' urgence that the lien was filed too late and that it should have been released earlier to comply with defendants' request (though it later proved that plaintiff was entitled to

substantially more money from the job, which had not been forthcoming), it is not shown that the defendants suffered any damage by the plaintiff's tardiness in filing the lien or in filing the release. If it be thought that under the above assumptions the defendants might be entitled to at least nominal damages because of the tardy release of the lien, we do not think the circumstances here would justify a reversal of the judgment merely because of failure to award nominal damages.[5]

Affirmed. Costs to plaintiff (respondent).

ELLETT and TUCKETT, JJ., concur.

HENRIOD, Chief Justice (concurring in result):

I concur in the result, except as to the technical matter of damages, which technically are only adjunct to the real law of the case here. The main opinion says the circumstances do not justify reversal because of failure to award nominal damages. The authorities cited to support such conclusion have only to do with sending a case back "for a new trial,"—not to *modify* a judgment. Even in the case of a new trial, such authorities can only be said that "usually" it will not justify a new trial.

Even though technically 38–1–24, U.C.A.1953, applies where the *land owner* has paid off the unauthorized lien and costs, the landowner certainly should have some kind of damages where a lien has been placed against his land *without* any statutory authority, in the nature of slander of title, where costs incident to correct such lack of authority and consequent clouding of the title of necessity will have to be incurred by abstract or quiet title procedure.

3. See *Einerson, etc. v. Central Lumber and Hardware Co.*, 14 Utah 2d 278, 382 P.2d 655.

4. Cf. *Mercer Steel Co. v. Park Constr. Co.*, 242 Or. 596, 411 P.2d 262, see 51 Am.Jur.2d, Liens, Secs. 49 and 50; *Wagstaff, etc. v. Remco, Inc.*, 540 P.2d 931 (Utah 1975).

5. That usually there should be no reversal of a case for the failure to award only nominal damages, see *Com. Nat. Bank v. Kennedy Co.*, 29 Utah 2d 83, 505 P.2d 298 (1973); 66 C.J.S. New Trial § 75, p. 240.

It would appear to me that the statutory $20 per day penalty, at least, could be used as a formula to determine "nominal" damages, if the release were effected only a day or so late, or to determine "substantial" damages if he who clouded the title fails to uncloud it over a protracted period of time.

I think the case should be remanded for modification allowing nominal damages, if for no other reason than to permit appellants to pursue and settle certain costs to which otherwise they might be entitled.

MAUGHAN, J., concurs in the views expressed in the opinion of HENRIOD, C. J.