Fray W. ZEMP and Bill Zemp,
Plaintiffs and Respondents,

v.

van FRANK & ASSOCIATES, INC., and
Roger M. van Frank, Defend-
ants and Appellants.

No. 14089.

Supreme Court of Utah.

March 3, 1976.

Victor A. Spencer, Salt Lake City, for defendants-appellants.

George H. Searle, Salt Lake City, for plaintiffs-respondents.

TUCKETT, Justice:

The plaintiffs initiated these proceedings in the district court seeking to rescind and nullify a contract entered into with the defendants wherein the defendants undertook to render architectural services and to provide plans and specifications for a duplex the plaintiffs contemplated building. Defendants have filed a notice of lien pursuant to the provisions of Section 38–1–3, U.C.A.1953. In these proceedings the defendants counterclaimed seeking to foreclose that lien and seeking damages for alleged libel. This appeal is from a judgment in favor of plaintiffs.

Prior to filing their complaint the plaintiffs had tendered to counsel for the defendants the sum of $626.57 and demanded that the lien be released. In connection with the demand and tender the plaintiffs returned what they described as "misfit" plans and demanded that the defendants furnish satisfactory plans prior to the plaintiffs making application for a building permit. The plaintiffs seek to recover the penalty provided for by Section 38–1–24, U.C.A.1953, for failure of the defendants to release their claim of lien within ten days after request and tender of the amount due. That section provides that a lienor shall forfeit and pay to the person making the request the penalty above mentioned. While the amount tendered by the plaintiffs was in excess of that ultimately found due to the defendants, it is noted that the tender was not unconditional and that the plaintiffs expected further performance by the defendants.[1] At the time the plaintiffs requested release of the lien there was a dispute as to the amount due. Prior decisions of this court have laid down the rule that as a condition precedent to one's entitle-

---

1. *Sieverts v. White,* 2 Utah 2d 351, 273 P.2d 974.

ment of the penalty he is obliged to meet the conditions of the statute with particularity.[2] This court has also held that a tender, to be good, must be free from conditions tenderer has no right to insist upon. The facts in this case indicate there was a genuine dispute as to the amount of the obligation due as well as whether the fitness of the plans and specification supplied by the defendants were adequate for the purpose intended. We are of the opinion that the portion of the judgment which awards the plaintiffs the statutory penalty should be and the same is ordered deleted. Other portions of the judgment appealed from appear to be proper and correct and the same are affirmed.

This matter is remanded to the court below with directions to modify its judgment as above indicated. No costs awarded.

HENRIOD, C. J., and ELLETT, CROCKETT, and MAUGHAN, JJ., concur.

2. *Einerson v. Central Lumber & Hardware Co.*, 14 Utah 2d 278, 382 P.2d 655; *Wagstaff v. Remco, Inc.*, 540 P.2d 931 (Utah).