Argued and submitted October 19, 1981, reversed and
remanded March 22, reconsideration denied April 27,
petition for review denied May 25, 1982 (293 Or 190)

# C-3 BUILDERS, INC.,
*Appellant,*

*v.*

# KRUEGER et al,
*Respondents.*

## (No. A8009 05135, CA A20660)

642 P2d 344

Rex E. H. Armstrong, Portland, argued the cause for
appellant. With him on the appellant's brief were Robert C.
Shoemaker and Lindsay, Hart, Neil & Weigler, Portland.
With him on the reply brief was Lindsay, Hart, Neil &
Weigler, Portland.

Timothy J. Vanagas, Gresham, argued the cause and filed the brief for respondents.

Before Joseph, Chief Judge, and Warden and Warren, Judges.

WARREN, J.

## WARREN, J.

This is a suit under ORS 87.060 to foreclose a construction lien against property owned by defendant Krueger on which defendant First National Bank holds a mortgage.

Plaintiff furnished labor and materials for construction of a restaurant in Troutdale, Oregon. Plaintiff's work was completed on May 8, 1980, and on May 23, 1980, it filed a lien claim for the value of the labor and materials furnished. In the claim the property is identified as belonging to defendant Krueger and is described as Hunter Restaurant Bar, located in Multnomah County, Oregon, in Section 27, 1 N., 3 E., Tax Lot 222, 3.77 acres, at 2600 N.E. 238th, in Troutdale. Notices of the lien claim were sent defendants.

The name of the business, the tax lot number and the address listed in the lien claim were incorrect. The correct name of the establishment was Hunter's Steak and Pancake; the tax lot number was 218, and the address was 2602 N.E. 238th. Upon discovering that this information was incorrect, plaintiff filed a corrected lien notice and delivered copies to defendants. At trial, defendants moved for dismissal of the complaint on the ground that the incorrect street address and tax lot number listed in the first lien claim invalidated the lien. The trial court dismissed the complaint, and plaintiff appeals.

The only issue presented on appeal is whether the description contained in plaintiff's first lien claim was sufficient to satisfy the requirements imposed by ORS 87.035(2)(d).[1] Plaintiff argues that a construction lien claim need contain only a description of the improvement covered by the lien sufficient to identify it to people familiar with the area where it is located and that the property

---

[1] ORS 87.035(2)(d) provides:

"The claim shall be filed for recording with the recording officer of the county or counties in which the improvement, or some part thereof, is situated and shall contain:

"* * * * *

"(d) A description of the property to be charged with the lien sufficient for identification, including the address if known."

description given by plaintiff in the lien claim was sufficient. Defendants contend that plaintiff's description was not sufficient for identification because of the incorrect information it contained. They also argue that ORS 87.035(2)(d) requires that the lien claim contain the correct legal description of the property covered by the lien. We address the last argument first.

■ The argument is based on the fact that the legislature amended the statute in 1975, adding the requirement that the street address of the property be stated, if known. Defendants contend that this addition implies that the word "description" in ORS 87.035 means legal description. We find no merit in this argument. There is nothing in the requirement that a street address be given, "if known," that would mandate the reading of "description" to mean "legal description."

As to whether the description was sufficient, we note that the Supreme Court in *McGregor Co. v. Heritage,* 291 Or 420, 631 P2d 1355 (1981), recently acknowledged the rule of *Timber Structures v. C.W.S.G. Wks.,* 191 Or 231, 229 P2d 623, 25 ALR2d 1258 (1951), that lien statutes are

" '* * * strictly construed as to persons entitled to its benefits and as to the procedure necessary to perfect the lien; but when the claimant's right has been clearly established, the law will be liberally interpreted toward accomplishing the purposes of its enactment.' " 291 Or at 423.

It held, however, that in determining whether a lien is valid, substantial compliance with the statutory requirements is sufficient. *McGregor Co. v. Heritage, supra,* 291 Or at 423.

In discussing the factors of importance in determining whether there has been substantial compliance in a given case, the Supreme Court approved the following language from the Indiana Court of Appeals in *Beneficial Finance Co. v. Wegmiller Bender Lbr. Co.,* ___ Ind App ___, 402 NE2d 41 (1980):

" '[W]hether there has been substantial compliance by the lien claimant depends upon the degree of non-compliance with the letter of the statute, the policy which underlies the particular statutory provision in question, and the prejudice which may have resulted to either the owner of the property or other third parties who have an interest in the real estate. * * *' " 291 Or at 424.

The court also noted that the Indiana holding was consistent with prior Oregon cases in recognizing that lack of prejudice is a proper factor to consider in determining whether a lien claimant has substantially complied with the statutory requirements, citing *Mercer Steel v. Park Construction Co.*, 242 Or 596, 600, 411 P2d 262 (1966) and *Drake Lumber Co. v. Paget Mortgage Co.*, 203 Or 66, 80-81, 274 P2d 804 (1955).

■ Although the lien notice referred to the establishment as Hunter Restaurant Bar rather than Hunter's Steak and Pancake, and although it made reference to an incorrect tax lot and address on N.E. 238th Street, the description was still sufficient to enable defendants to identify the property covered. Whatever the result might be with respect to parties claiming prejudice as a result of the deficiencies in the lien notice, these defendants claim no prejudice. They were not misled by the inaccuracies in the property description and had actual notice of plaintiff's lien. In light of the purpose of the lien statutes to protect those who perform labor and provide materials on buildings of others, *Pendleton Grain Gr. v. Sunbest Corp.*, 271 Or 48, 54, 530 P2d 82 (1975), defendants' ability to identify the subject property from the description given and the lack of prejudice to them, we hold that plaintiff was in substantial compliance with ORS 87.035 and that its lien is valid.

Reversed and remanded.