## Cernica v. Wagner's Wheel Alinement, Inc.

*William G. McConnell,* for plaintiff.
*Archie O. Wallace,* for defendant.

FORNELLI, *J.,* February 17, 1983 — The matter is now before this court on defendant's preliminary

objections in the nature of a demurrer and a motion for a more specific pleading to plaintiffs' complaint in assumpsit and trespass.

Plaintiffs aver that their Hough front-end loader used in their business operations was in need of repair. They contracted with defendant for the repairs based upon defendant's repair estimate of between $6,991.45 and $8,000.

After the work was completed, plaintiffs were notified that the final repair costs totalled $10,655.77 and that defendant would retain the vehicle until paid in full. When plaintiffs protested the cost, a $10 per day storage charge was assessed. Plaintiffs subsequently paid the bill and storage charge under protest and filed the present action for breach of contract and trespass.

Plaintiffs' complaint alleges that many parts of the machine were not in need of replacement, that defendant fraudulently represented that extensive repairs were needed, and fraudulently represented that the charges and costs incurred were fair and reasonable when they were not. Plaintiffs request return of monies paid under protest, damages for loss of use of the machine and punitive damages.

Defendant has demurred to plaintiffs' claims of damages for loss of use and for return of storage charges paid on the basis that its retention of the vehicle was proper under its right of repairman's lien against the vehicle.[1]

---

1. The Pennsylvania Supreme Court has suggested that the appropriate method of challenging a prayer for damages is not by demurrer but by a preliminary objection in the nature of a motion to strike off impertinent matter. Hudock v. Donegal Mut. Ins. Co., 438 Pa. 272, 264 A.2d 668, 671 n. 2 (1970); Klemow v. Time, Inc., 466 Pa. 189, 352 A.2d 12, 15 n. 6 (1976). We shall, however, consider these issues on the pending demurrer.

Preliminary objections in the nature of a demurrer admit as true all well-pled facts and any inferences reasonably deductible from such facts. 5 Standard Pa. Prac. 2d §25:61. In ruling on a demurrer, the test is whether it is clear and free from doubt from the facts pled that the pleader will be unable to prove facts legally sufficient to establish his right to relief. Firing v. Kephart, 466 Pa. 560, 353 A.2d 833 (1976).

## I

Defendant's demurrer to that part of plaintiffs' complaint claiming damgages for loss of use is refused. There is no doubt that defendant by repairing the vehicle pursuant to plaintiffs' request had the right to exercise an artisan's lien against it for the charges owing.

A bailee, who at the request of the bailor, does work or adds materials to a chattel is entitled to a possessory lien which by operation of law is a security interest in the chattel. Restatement of Security, §61(a) (1941); International Electric Company v. N.S.T. Metal Products, Inc., 370 Pa. 213, 222 88 A.2d 40, 45 (1952). This artisan's lien grows necessarily and naturally out of the transactions of mankind as a matter of public policy. M'Intyre v. Carter, 2 Watts & Serg. 392, 395 (1841).

In the words of Chief Justice Best in Jacobs v. Latour, 5 Bingh. 132, quoted in Steinman v. Wilkins, 7 Watts & Serg. 466, 467 (1844), the doctrine of lien between debtor and creditor is so just that it cannot be too much favored. Both policy and morality require that liens be sustained whenever possible without violating positive law. 51 Am Jur. 2d Liens, §11, p. 151 (1965).

The lien exists equally whether there is an agreement to pay a stipulated price or only an applied contract to pay a reasonable price. Mathias v. Sellers, 86 Pa. 486, 491.

Specifically, one who repairs a chattel at the instance of the owner or his authorized agent has a right implied by law to retain possession of the chattel until paid. Having preserved or enhanced the value of the chattel, it is only just and reasonable that the workman should have the right to retain possession until paid for labor and service. Wilson v. Malenock, 128 Pa. Super. 544, 547-548 (1937); Natalie's Towing Service, 252 Pa. Super. 539, 382 A. 2d 473 (1978), Rev'd. other grounds, 487 Pa. 548, 410 A. 2d 474 (1980); Associates Financial Services Company v. O'Dell, 491 Pa. 1, 417 A. 2d 604, 606 (1980).

A person in possession of property under a lien is the owner of it against all the world and no one may disturb his possession, even the actual owner, until the claim is paid. District of Columbia v. Franklin Investment Co., 404 A.2d 536 (D.C. App., 1979); 51 Am. Jur. 2d, Liens, §21 (1965).

Thus, based on the facts in the complaint alleging how defendant obtained possession, he had a specific, possessory lien and had no duty to surrender the vehicle until the agreed price, or absent an agreed price, until its reasonable charges were paid. Restatement of Security, §60, Comment to §64 (1941).

While defendant's right to a lien for proper charges cannot, therefore, be disputed, an artisan does lose that right where he fraudulently or in bad faith charges an excessive amount. Being one of the oldest common law liens arising necessarily and naturally as a matter of public policy, the artisan's lien may not be used as a shield for fraud.

An attempt by a lien holder to assert a lien for an excessive amount in bad faith may constitute a conversion and void the lien, such as when the amount is greater than that actually owing or includes an amount for which no lien is entitled.[2] Sum. Pa..Jur. Personal Property Law, §320 (1956).

The requirement of fraud or bad faith, however, is essential before the lien is voided. A mere demand by the lien holder of an amount in excess of what is due does not waive the lien or forfeit the right to retain possession for the amount actually due where there is no fraud or bad faith. 51 Am. Jur. 2d, Liens, §50, at 185 (1965); 53 C.J.S. §17(8), p. 867 (1957); Mercer Steel Co. v. Park Construction Company, 242 Or. 596, 411 P. 2d 262, 264 (1966); First National Bank v. Britton, 185 Okla. 566, 94 P. 2d 896 (1939).

If the lien was voided automatically merely upon a later determination that the charges were unreasonable, it would place upon the lienor an undue risk of loss in consequence of what may be an honest diffference of opinion as to the amount owing and subject him to liability as a converter. See, Restatement of Security, §80, Comment A (1941).

The better rule, therefore, is absent fraud or bad faith the lien is not lost or reduced until a determination by judicial process of the proper amount owing.

While there is a dearth of case law in Pennsylvania on this issue, the lien law developed at common

---

2. This is to be distinguished from the case where a lien is asserted for a proper item as well as for other items for which no right of lien exists. There, the remedy is not to void the valid lien but rather, to strike the items improperly liened. See, Philadelphia v. Hyde, 48 Pa. Super. 269, 272.

law in the context of disputes as to the amounts charged for an artisan's work. As seen by the origin and intended effect of the doctrine of lien, it is not the existence of a dispute as to price but the existence of fraud or bad faith which is contrary to the purpose of the lien which voids the lien and destroys the right to retain possession.

Drake Lumber Co. v. Paget Mortgage Company, 274 P. 2d 804, 811 (Or, Sup. Ct. 1954) held that where an amount due is intentionally or through culpable negligence overstated, the entire lien is voided, whereas a mere mistake will not render the whole lien void where it is evident no fraud was intended.[3] See also, Power Transmission Equipment Corp. v. Beloit Corp., 55 Wis. 2d 540, 201 N.W. 2d 13, 16 (1972); 51 Am. Jur. 2d, Liens, §50, at 185 (1965).

The question of whether or not there is fraud or bad faith which voids the lien is a question of fact for the jury. Segars v. Classen Garage and Service Co., 612 P. 2d 293 (Okl. App. 1980); Engler Bros. Construction Co. v. L'Allier, 280 Minn. 208, 159 N.W. 2d 183, 186 (1968).

If the detention of real property is tortious, damages may include the value for loss of use of the property during the period of the detention. Restatement (Second) of Torts, §931(a) (1979); Newhart v. Pierce, 62 Cal. Rptr. 533, 254 Cal. App. 2d 783 (1967); Joy v. Giglio, 208 Okl. 50, 254 P. 2d 351 (1953).

---

3. There is a minority view that if the amount actually due has been tendered, the lien is destroyed and the subsequent detention wrongful whether or not the lienor honestly believed his claim for charges was correct. See, Folsom v. Barrett, 180 Mass. 439, 62 N.E. 722, 724 (1902). The holding in Folsom, however, is dicta and represents a decidedly minority view.

Thus, plaintiffs in this case having alleged fraudulent conduct on the part of the defendant have pled a cause of action for loss of use notwithstanding the common law right of artisan's lien. Defendant's demurrer on this basis must be denied.

Count I of the complaint sets forth the basis of the claim in assumpsit and Count II sets forth the basis of the claim in trespass. Count II in paragraphs 27, 28, and 29 expressly allege the fraud which, if found to exist, destroys defendant's right to a lien. Count I, however, does not expressly allege such fraud. It is implied by paragraphs 13, 14 and 17 which are incorporated by reference into Count I by paragraph 22.

Pa. R.C.P. 1019 (b) requires averments of fraud to be made with particularity. By the incorporation of those paragraphs, plaintiffs have in Count I pled the facts which are the basis for fraud, although they have not expressly alleged fraud as they have in Count II. Rather than address the demurrer to Count I on that basis, the court will grant plaintiffs 20 days to amend if they desire to expressly plead fraud in the assumpsit action as they did in the trespass action. An opportunity to file an amended complaint must be granted where there is a possibility of recovery under a better statement of the facts. Quaker City Chocolate and Confectionery Co. v. Delhi-Warnock Bldg. Assn., 357 Pa. 307, 53 A. 2d 597 (1947).

## II

Defendant's demurrer to plaintiffs' claim for return of storage charges also must be refused.

In Pennsylvania, a right to a lien for storage is not exended to an artisan in the absence of contractual entitlement. It is limited to warehousemen and

those in the business of storage. Welded Tube Co. v. Phoenix Steel Corp., 512 F.2d 342, 344 (3d Cir. 1975).

When, as a result of a bailor's failure to pay, the lienor retains the chattel and is put to additional expense such as feeding an animal upon which a lien exists, then the lien will extend to such additional charges. However, where the additional services do not impose any expense upon the lienor, as for example, where he stores it at his regular place of business, the claim of the lienor may not be increased. To add storage charges to his claim, storage for compensation must be a part of his business or the circumstances must require that he incur expense for the storage elsewhere. See, Restatement of Security, §64, Comment C (1941).

Defendant relies on Saxton v. Gemehl, 72 Pa. Super. 177 (1919), which held that a repairman is entitled to a lien upon a car for storage as well a lien for cost of repairs. However, there the agreement of repair included storage.

The lien for storage charges extends only to those engaged in the business of public warehousemen in the absence of agreement or statute. Mitchell v. Standard Repair Co., 275 Pa. 328, 331, 119 A. 410, 411 (1923).

Since there was no agreement for storage between the parties in this case, defendant did not have a right of lien on the vehicle for storage charges. Because defendant had no possessory lien for storage charges, the demurrer to the claim for return of storage charges is refused.

## III

Defendant has also requested a more specific complaint as to the identity, the date, and time of plaintiffs' mechanic's examination of the vehicle's

parts; the parts removed from the machine that were not present at the examination; and the parts alleged to be replaced unnecessarily.

Generally, a complaint is sufficiently specific if it provides the adverse party with enough facts to prepare their answers and defense. City of Philadelphia v. Shapp, 44 Pa. Commw. 303, 403 A.2d 1043 (1979); Commonwealth v. City of Jeannette, 9 Pa. Commw. 306, 305 A.2d 774 (1973). The requirements of precision and detail are more easily met where the matters involved are equally or more in the knowledge of the objecting party. Local No. 163, International Union of United Brewery, etc. v. Watkins, 417 Pa. 120, 207 A.2d 776 (1965). "Furthermore, if defendant wishes to learn more details prior to trial, the rules of civil procedure give him ample opportunity by means of depositions and discovery to practically pre-try the issues involved: Pa. R.C.P. 4001-4025." Huntingdon v. Bloomsburg Area Industrial Development Assn., Inc., 53 D.&C. 2d 138 (1971).

The complaint in this case is sufficiently specific to allow defendant to prepare his answer and defense. Defendant in this case is presumably aware of the date, time and nature of the mechanic's examination of the vehicle, since it occurred at defendant's place of business. If not, these facts can be developed through the use of discovery. 5 Stand. Pa. Prac. 2d §25:57.

Defendant also requests a more specific pleading of whether the contract of repair was oral or written. It is unnecessary to aver in a complaint whether a contract is written or oral. If no written contract is pled, an inference arises that the contract was oral. Harvey Probber, Inc. v. Kauffman, 181 Pa. Super. 281, 124 A. 2d 699 (1956): Reston v. Ambrosia Coal and Construction Co., 4 D.&C. 3d 132 (1977). "Or-

dinarily, it is only if the claim is based upon a writing that the duty is placed upon the plaintiff to make a statement." Goodrich-Amram 2d, § 1019(h):1. Thus, defendant's motion for a more specific complaint is denied in its entirety.

## ORDER

And now, this February 17, 1983, defendant's preliminary objections in the nature of a demurrer to Count II and for more specific pleading are denied. Defendant's demurrer to Count I is refused contingent upon the plaintiff filing within 20 days an amendment thereto expressly alleging fraud on the part of the defendant.

Defendant shall have 20 days from the date of service of this order to file responsive pleadings to Count II and shall have 20 days after service of plaintiffs' amendment to Count I, if any, to file responsive pleadings thereto.