Argued and submitted May 4, reversed and remanded August 3, petition for review denied November 29, 1994 (320 Or 407)

## BELL HARDWARE OF MEDFORD, INC.,
*Appellant,*

*v.*

## ED SZOYKA WOODWORKING CO.,
North Coast Electric Company
and E-Z Electric, Inc.,
*Defendants,*

*and*

### William H. FERGUSON
and Maureen R. Ferguson,
husband and wife,
*Respondents.*

(93-0315-L-2; CA A81869)

879 P2d 208

Donald R. Crane argued the cause and filed the brief for appellant.

Robert H. Grant argued the cause and filed the brief for respondents.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

EDMONDS, J.

## EDMONDS, J.

Plaintiff brought this action to foreclose a construction lien under ORS 87.060. The trial court dismissed plaintiff's claim against defendants Ferguson[1] pursuant to ORCP 21A and entered judgment accordingly. ORCP 67B. Plaintiff appeals, and we reverse.

From April 10, 1992, through July 27, 1992, plaintiff furnished materials to defendants for the remodeling of a building owned by defendants. Plaintiff was not paid in full, and it filed a claim for a construction lien on October 5, 1992, with the Jackson County Clerk. In the claim, the property on which the lien is claimed is identified as belonging to defendants and is described as the "Kimball, Dixon & Co. Office Building," located at "301 West Sixth Street" in Medford, Oregon. Plaintiff filed a complaint to foreclose the lien. Defendants moved to dismiss the complaint on the ground that the lien was invalid because the claim failed to comply with ORS 93.600, and the trial court granted the motion.

■ The only issue is whether the description of the property contained in plaintiff's claim is legally sufficient. Plaintiff argues that it is, because ORS 93.600 is not applicable, and its allegations substantially comply with the requirements of ORS 87.035. Defendants argue that ORS 93.600 is the controlling statute. On review of a ruling under ORCP 21A, plaintiff is entitled to the benefit of all facts pled and any reasonable inferences that flow therefrom. *Oksenholt v. Lederle Laboratories*, 294 Or 213, 215, 656 P2d 293 (1982).

ORS 93.600 provides:

"*Unless otherwise prescribed by law*, real property shall be described for recordation by giving the subdivision according to the United States survey when coincident with the boundaries thereof, or by lots, blocks and addition names, or by partition, plat recording and parcel numbers, or by giving the boundaries thereof by metes and bounds, or by reference to the book and page of any public record of the county where

---

[1] An order of default was entered against defendant Ed Szoyka Woodworking Company. However, it subsequently filed for bankruptcy. Defendant E-Z Electric, Inc., stipulated to the entry of a default judgment against it. North Coast Electric Company has failed to make an appearance in this case. The judgment does not purport to adjudicate the rights of those defendants, and none of them are parties to this appeal.

the description may be found or in such other manner as to cause the description to be capable of being made certain." (Emphasis supplied.)

In contrast, ORS 87.035(3)(d) requires that a construction lien claim contain

"[a] description of the property to be charged with the lien sufficient for identification, including the address if known."

Despite defendants' contention to the contrary, the enactment of ORS 93.600 did not displace ORS 87.035, nor does it abrogate the case law interpreting that statute. ORS 93.600 expressly provides that its requirements for recording interests in real property apply "unless otherwise prescribed by law." Moreover, ORS 93.643, which was enacted as part of the same bill as ORS 93.600,[2] provides:

"To give constructive notice of an interest in real property, a person must have documentation of the interest recorded in the indices maintained under ORS 205.130 in the county where the property is located. Such recordation, and no other record, constitutes constructive notice to any person of the existence of the interest, *except as provided in * * * ORS chapters 87*, 450, 451, 452, 453, 454, 455, 456 and local government charters." (Emphasis supplied.)

Here, ORS 87.035 prescribes a different property description requirement than that required by ORS 93.600. As contemplated by the language of ORS 93.600, the description requirement set out in ORS 87.035 controls in this case. The Supreme Court has held that substantial compliance with the requirements of construction lien statutes suffices to uphold the validity of a construction lien. *Lemire v. McCollum*, 246 Or 418, 427, 425 P2d 755 (1967). Whether there is substantial compliance with statutory lien requirements depends on the degree of noncompliance, the underlying policy of the statutory provision in question, and the prejudice that the owner of the property or third parties with an interest in the property may have suffered as a result of the noncompliance. *McGregor Co. v. Heritage*, 291 Or 420, 424, 631 P2d 1355 (1981). In *C-3 Builders, Inc. v. Krueger*, 56 Or App 502, 505, 642 P2d 344, *rev den* 293 Or 190 (1982), we

---

[2] *See* Or Laws 1987, ch 586, § 2.

held that a lien was in substantial compliance with ORS 87.035 even when it did not contain the correct "legal description" of the property, because the defendants were not misled by the inaccuracies and had actual notice of the lien.

■■ We are mindful that the purpose of the construction lien statutes is to protect those who provide materials for others' building projects. *Pendleton Grain Gr. v. Sunbest Corp.*, 271 Or 48, 54, 530 P2d 82 (1975). Although plaintiff's claim provides only a street address, the description could be sufficient to enable defendants to identify the property subject to the lien. Under the circumstances, we hold that plaintiff's complaint alleges *prima facie* substantial compliance with ORS 87.035. The trial court erred in dismissing it.

Reversed and remanded.