## Commonwealth *v.* City of Jeannette.

Argued January 9, 1972, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Dennis J. Harnish,* Special Assistant Attorney General, for plaintiff.

*George A. Conti, Jr.,* City Solicitor, for defendant.

OPINION BY PRESIDENT JUDGE BOWMAN, May 22, 1973:

Before us at this time are preliminary objections by defendant, City of Jeannette, to the Commonwealth's complaint in equity brought under the provisions of Sections 601 and 610 of The Clean Streams Act of June 22, 1937, P. L. 1987, as amended, 35 P.S. §§691.601, 691.610.

On June 24, 1971, the Department of Environmental Resources (DER) issued an order directed to the City of Jeannette requiring it to submit on or before September 23, 1971, a report or schedule for the upgrading of its sewage treatment facility to meet higher quality standards for sewage effluent as established by departmental regulations then in force; the report or schedule was to be submitted in the form and manner required by departmental regulations. Within the body of the order it is stated: "In developing your program for compliance with this Notice your actions must be consistant [sic] with recommendation of appropriate planning agencies, applicable Official Plans submitted pursuant to the Pennsylvania Sewage Facilities Act and requirements or recommendations of the Depart-

ment and the Federal Government regarding area-wide planning and joint or combined sewerage facilities."

No appeal by the City was taken from this order nor has it complied with the order. DER then filed the instant complaint in equity seeking an Order of this Court directing the City to comply with a proposed schedule of performance for the plan, design, financing and construction of an adequate joint sewage facility with Hempfield Township. Among the averments of the complaint are those which assert (Paragraph 8) DER ". . . has determined that the City of Jeannette must enter into a comprehensive watershed sewerage plan with Hempfield Township," and (Paragraph 9) that contemporaneous with these proceedings ". . . administrative orders are being issued and/or proceedings are being instituted to compel Hempfield Township to take action consistent with the relief requested herein."

To the DER complaint the City has filed preliminary objections in the nature of a motion for more specificity and in the nature of a demurrer asserting that a court of equity is without jurisdiction over the cause of action asserted or to grant the relief prayed for in requiring joint action on the part of the City with another local government.

The alleged insufficiency of the material facts upon which the Commonwealth bases its cause of action (Pa. R. C. P. No. 1019) is more apparent than real. Generally speaking, a pleading should be sufficiently specific so as to enable defendant to prepare his defense. *Cattarius v. Horn*, 77 Dauph. 8 (1961). An averment that the City is discharging into the waters of the Commonwealth insufficiently treated sewage effluent, standing alone, would not meet the test of specificity. Here, however, a prior unappealed departmental order (attached to the complaint as an exhibit) de-

claring that the City was discharging effluent not meeting minimum quality standards as established by DER rules and regulations and a similar averment in the complaint itself supply any deficiency which may have otherwise existed and factually afford the City with adequate information to enable it to prepare its defense.

Similarly, an alleged insufficiency in pleading the size, location or other identification of the watershed in which Hempfield Township and the City are located and the criteria for requiring joint action of two local governments are supplied by the rules and regulations of DER referred to in the complaint and supporting exhibit. The want of any such supporting rules and regulations—if indeed none exist—or the want of power and authority in the DER to adopt such rules and regulations is not a proper subject of preliminary objections in the nature of a motion for a more specific pleading.

Turning to the preliminary objection in the nature of a demurrer, it would appear that the City advances two somewhat different but analogous arguments. It first contends that Section 601 of The Clean Streams Law only grants jurisdiction to a court of equity to abate nuisances which the DER has not alleged to exist by virtue of the discharge of the effluent in violation of minimum quality standards established by its rules and regulations. Inasmuch as Section 202 (35 P.S. §691.202) of this same statute declares discharges of sewage contrary to the rules and regulations of DER to be a nuisance, Section 610 declares noncompliance with orders of the board to be a nuisance, and Section 601 affords jurisdiction in equity with respect to any activity or condition declared by the Act to be a nuisance, this contention of the City is without merit.

The second contention advanced by the City under its demurrer presents a more difficult issue compounded by the assertion of DER of essentially two causes of action in a one-count complaint in equity. Foremost, DER seeks judicial enforcement of its order of June 24, 1971, with which the City has not complied.[1] Secondly, DER seeks a judicial order requiring the City and Hempfield Township to join in a regional sewage facility plan incident to producing an effluent meeting new minimum quality standards. It is this second cause that the City contends is not within the equity jurisdiction of a court as afforded by the statute.

As to this cause and the relief sought incident thereto, DER does not assert the City to be in violation of the statute in operating its own sewage facility nor does it assert that the City is in violation of any self-executing rule or regulation of the Board. As we understand its argument, DER contends that its order of June 24, 1971, contemplates the inability of the City to submit a report or schedule upgrading its treatment plant effluent to meet new minimum quality standards without also entering into a regional plan with Hempfield Township to accomplish such an objective. It says its Regulation 91.31[2] will require such a result.

---

[1] Section 210 of the statute (35 P.S. §691.210) affords a simple, effective alternative means of judicial enforcement of orders issued by DER against municipalities with respect to municipal sewage and sewage treatment facilities. Its provisions rather than asserting a cause of action in equity should be utilized when applicable.

[2] "(a) The Department shall not approve a project requiring such approval under the act or the provisions of this Article unless:

"(1) The project is included in or conforms with a comprehensive program of water quality management and pollution control; or

"(2) The Department finds that immediate action, not in conformance with a comprehensive program of water quality manage-

Having made such an ex parte determination without an opportunity being afforded to the City to be heard thereon, or to seek administrative or judicial review thereof, DER now says that a court of equity under Sections 601 and 610 has jurisdiction to entertain such a cause of action and determine it on the merits, incidentally, without Hempfield Township being a party to any such determination on the present state of this record.

We disagree. The Clean Streams Law and the amendments to The Administrative Code of 1929 creating the Department of Environmental Resources and the Environmental Hearing Board, Act of December 3, 1970, P. L. 834, 71 P.S. §510-1 et seq., supplies a well-defined procedure for the administrative determination, administrative review and judicial review of orders and adjudications of the DER directed against particular persons or entities. Although Sections 601 and 610 provide that activity or conditions declared by the statute to be a nuisance and failures to comply with an order issued by DER are abatable in equity, equity does not have jurisdiction to entertain a cause of action asserting that a regional plan is required of a person or entity subject to the Act in the absence of clearly expressed statutory language or an order so providing. To hold to the contrary, would permit DER unilaterally to institute in a court of equity a cause of

ment and pollution control, is necessary to abate existing pollution or health hazards.

"(b) The basis for determining whether a project is included in or conforms to a comprehensive program of water quality management and pollution control shall be:

"(1) Appropriate basin control, regional and metropolitan waste management plans approved by the Department; or

"(2) In the absence of such plans, the best mix of: (i) Expeditious action to abate pollution and health hazards; (ii) Consistency with long-range development; and (iii) Economy."

action asserting that a regional plan is necessary in any particular case thus by-passing the administrative determination and review procedures established by law. The Legislature did not intend such a result. Accordingly, we enter the following

ORDER

Now, May 22, 1973, the preliminary objections of the City of Jeannette in the nature of a more specific pleading are dismissed. Its preliminary objections in the nature of a demurrer are dismissed in part and sustained in part. The averment of the complaint of the Department of Environmental Resources pertaining to the City of Jeannette entering into a regional plan with Hempfield Township and its prayer for relief incident thereto are stricken from the complaint. The City of Jeannette is directed to answer the remaining averments of plaintiff's complaint within twenty (20) days of the date hereof.

