## Macom v. Macom

*Richard A. Audino*, for plaintiff.
*Henry S. Moore*, for defendant.

ACKER, *J.*, December 4, 1975—This matter is before the court upon preliminary objections in the nature of a demurrer and, alternately, for a more specific reply to new matter. Plaintiff has requested a partition of premises formerly held as tenants by the entireties pursuant to the Act of May 10, 1927, P.L. 884, as amended, 68 P.S. §501. Defendant by answer sets forth an agreement entered into by the parties at the time of a divorce by which plaintiff agreed to assign all of her right, title and interest to the subject property upon the reduction of the outstanding balance of the mortgage to $15,000. To this, plaintiff replies with new matter that she did so agree, but that defendant also agreed to pay $150 per month for child support, to carry medical and hospital insurance and, if not, to pay all medical and hospital bills for the children in excess of $15 per month per child, to transfer title to a 1969 Volvo automobile and make payments thereon until the transfer occurred and to transfer certain specified furniture. It is claimed through the new matter that, "The husband having failed to so perform and his performance constituting a failure of considera-

tion to the wife, the wife deems the said agreement not to be binding upon her."

Although the allegation of the husband's failure to perform as set forth above is not as succinctly pleaded as might be desired, it is clear to the reader that the wife is claiming that the husband did fail to perform. A pleading should be sufficiently specific to enable the opposite party to prepare a defense thereto: Commonwealth v. City of Jeannette, 9 Pa. Commonwealth Ct. 306, 305 A. 2d 774 (1973).

Where facts are within the knowledge of the adverse party, he is not entitled to as much precision in his pleadings as if he did not know them: Manor Centers, Inc. v. Maryland Casualty Company, 59 Lanc. 13 (1963) (assumpsit—objection that complaint did not specify the date in which defendant ceased work on the primary contract was overruled, since adverse party had equal knowledge); Rockman v. Gill, 61 Schuyl. 1 (1965) (assumpsit —defendant could ascertain exact date of delivery as well as plaintiff); Martin Excavating Company v. Bunting, 62 Lanc. 155 (1969) (assumpsit —manner of pleading acceptance held sufficient).

No one is in a better position to know whether the conditions of the agreement have, in fact, been fulfilled than the husband-defendant.

The demurrer is based on the proposition that there was failure to sufficiently inform defendant of the facts supporting plaintiff's conclusion that the agreement is not binding upon her. The finding of this court to the contrary would be sufficient to deny the demurrer.

The parties, however, briefed and argued the

contention that a contract of this nature must be performed by one party in order to require performance of the other. Contrary to Commonwealth ex rel. Smylie v. Smylie, 184 Pa. Superior Ct. 276, 132 A. 2d 386 (1957), this agreement is not conditioned upon the securing of a divorce. In fact, paragraph 10 provides specifically to the contrary. However, as in Commonwealth ex rel. Smylie v. Smylie, supra, there is a failure of consideration. Whether the contract is severable must await the trial.

Hence, this order.

## ORDER

And now, December 4, 1975, the preliminary objections are denied.